UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMAN SHAW,

               Petitioner,

    v.

JOSEPH SMITH,

               Respondent.

Case No. 12-CV-7760 (KMK) (PED)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

Norman Shaw ("Petitioner"), proceeding pro se, brings a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his conviction for one count of armed robbery in the second degree, one count of robbery in the second degree, and one count of criminal possession of stolen property in the fourth degree. (Pet. for Writ of Habeas Corpus ("Pet.") (Dkt. No. 1).)

On November 11, 2015, Magistrate Judge Paul E. Davison ("Judge Davison") issued a Report and Recommendation ("R&R"), recommending that the Court deny the Petition in all respects. (Dkt. No. 39.) Petitioner filed timely Objections to the R&R (Pet'r's Obj's to R&R ("Pet'r's Obj's") (Dkt. No. 48)), along with a Memorandum of Law (Pet'r's Mem. of Law in Supp. of Obj's to R&R (Dkt. No. 49)), which the Court has considered. For the reasons stated herein, the Court overrules Petitioner's Objections to the R&R, adopts the R&R in its entirety, and dismisses the Petition.

### I. Discussion

The Court need not repeat the factual and procedural background of this case as set forth in the thorough R&R, especially given that Petitioner's submission provides no cause for revisiting it.

#### A. Review of a Magistrate Judge's R&R

A district court reviewing a report addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)–(F), *see* Fed. R. Civ. P. 6(d), for a total of 17 days.

Where a party timely submits objections to a report and recommendation, the district court reviews de novo the parts of the report to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the [c]ourt reviews the [r]eport and [r]ecommendation only for clear error." *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (internal quotation marks omitted); *see also Flemming v. New York*, No. 06-CV-15226, 2010 WL 1328376, at *1 (S.D.N.Y. Apr. 1, 2010) (applying "clear error standard" where the "petitioner has made only general objections that repeat his original arguments"). Along these lines, "[a] district court evaluating a magistrate judge's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and

2

legal bases supporting the findings and conclusions set forth in those sections are not clearly

erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206

(S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)(2)), *aff'd sub nom. Hochstadt v. N.Y.S. Educ.*

*Dep't*, 547 F. App'x 9 (2d Cir. 2013); *see also Chiari v. N.Y. State Racing Ass'n*, 972 F. Supp. 2d

346, 351 (E.D.N.Y. 2013) ("Although the objections to a report and recommendation of a pro se

party should be accorded leniency, even a pro se party's objections . . . must be specific and

clearly aimed at particular findings in the magistrate's proposal . . . ." (first alteration in original)

(italics and internal quotation marks omitted)).

B. Analysis

In the face of a 65-page R&R, Petitioner's objections amount to no more than repetition

of the arguments presented in his Petition and rejected by Judge Davison.[1]  For example,

Petitioner contends that the R&R "bearely [sic] mentions the fact that [P]etitioner's trial counsel

*failed* to demand a Persistent Violaent [sic] Felony Hearing at which point in time [P]etitioner

could have demonstrated that he was/is not a Persistent Violent Felony Offender pursuant to

[New York] Penal Law § 70.08." (Pet'r's Mem. 2–3.)[2]  Judge Davison, however, expressly

---

[1] Indeed, Petitioner himself declares that his objections to the R&R "re-assert said arguments reflected in all pleadings filed on [his] behalf." (Pet'r's Obj's ¶ 4.)

[2] To the extent Petitioner seeks habeas relief on the grounds that trial counsel was ineffective in failing to demand from the state court a persistent violent felony hearing, Petitioner's own failure to raise such a claim in his Petition (let alone on appeal in state court) precludes consideration. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate . . . ."); *Davis v. Herbert*, No. 00-CV-6691, 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008) ("[U]pon review of a habeas petitioner's objections to a magistrate judge's report and recommendation, the [c]ourt may not consider claims raised for the first time in the petitioner's objections . . . ."); *Gonzalez v. Garvin*, No. 99-CV-11062, 2002 WL 655164, at *1 (S.D.N.Y. Apr. 22, 2002) (rejecting objection containing ineffective assistance of counsel claim "because it was not raised in [the petitioner's] original petition").

3

determined that "[P]etitioner's due process rights were not violated by the lack of a 'hearing.'"
(R&R 51.) After describing in detail the reasonable notice regarding, and Petitioner's challenge
to, the potential predicate charge under the recidivist statute, *(see id.* 51–52), Judge Davison
concluded that "[P]etitioner was clearly afforded a reasonable opportunity to controvert the
validity of the prosecution's reliance upon his [prior two] convictions as a basis for his
sentencing as a persistent violent felony offender," *(id.* at 52).[3]  It is thus clear that Judge
Davison did more than "mention" this issue; Petitioner merely disagrees with the resulting
conclusion.

Petitioner further claims the R&R "reflects that [he] has no constitutional right to due
process or effective assistance of counsel at sentencing." (Pet'r's Mem. 3.)  This
mischaracterization of Judge Davison's findings is plainly unavailing. As to the due process
claims raised in the Petition, Judge Davison either found them non-cognizable on habeas review,
*(see, e.g.,* R&R 38 (recommending "[P]etitioner's weight of the evidence claim . . . be dismissed
as non-cognizable")), or concluded Petitioner's rights were not violated, *(see, e.g., id.* at 46
(concluding that "prosecutorial misconduct did not deprive [P]etitioner of his constitutional right
to a fair trial"), 52 ("recommend[ing] that [P]etitioner is not entitled to habeas relief on the

---

Along these lines, the Court denies Petitioner's Motion for a Hearing, which he filed
along with his Objections to the R&R. (Dkt. No. 45.)  In "asserting [a]ctual [i]nnocence,"
(Pet'r's Obj's ¶ 6), Petitioner again seeks to raise for the first time a claim not included in the
Petition. This, as noted above, does not warrant consideration.

[3] Even a de novo review would yield the same conclusion. It is well established that due
process requires that a defendant to be sentenced as a repeat offender "receive reasonable notice
and an opportunity to be heard relative to the recidivist charge." *Oyler v. Boles,* 368 U.S. 448,
452 (1962).  Petitioner certainly received that in this case, as the prosecution filed an Amended
Persistent Violent Felony Offender Statement, Petitioner made various submissions to the trial
court, and the trial court considered (and ultimately rejected) his arguments.  (R&R 51–52.)

ground that his sentence as a persistent violent felony offender violated due process")).[4] As to the issue of effective assistance at sentencing, the Petition included no such claim, and Judge Davison, therefore, understandably did not address the matter.

To the extent Petitioner faults Judge Davison for failing to address the merits of his insufficient evidence claim, that challenge, in and of itself, is without merit.[5] After undertaking a thorough analysis of the record, (*see id.* at 38–40), Judge Davison determined that "[P]etitioner procedurally defaulted on the insufficient evidence claim he now asserts as grounds for habeas relief," (*id.* at 40). As noted, the Petition neither attempts to show cause and prejudice for the default nor demonstrates that the failure to consider that claim would result in a fundamental miscarriage of justice. (*See generally id.* at 40–41; *cf.* Pet.) Judge Davison, therefore, had no obligation to reach the merits of this claim. *See Washington v. James*, 996 F.2d 1442, 1444 (2d Cir. 1993) (declining to "reach the merits" where the petitioner "procedurally defaulted his federal claim by failing to raise it adequately before the state courts"); *Dominique v. Artus*, 25 F. Supp. 3d 321, 335 (E.D.N.Y. 2014) (holding that a "[c]ourt is not permitted to review the merits

---

[4] In response to Petitioner's claim that appellate counsel was ineffective in failing to argue on direct appeal that trial counsel was ineffective for failing to protest that the public was excluded during jury selection, Judge Davison noted that "only a *portion* of the voir dire was conducted" behind closed doors. (*See* R&R 61–62.) Though Petitioner did not object to this determination, the Court nonetheless reaffirms that "a closure may be 'too trivial' to constitute a Sixth Amendment violation." *Morales v. United States*, 635 F.3d 39, 43 n.7 (2d Cir. 2011); *accord United States v. Bansal*, 663 F.3d 634, 661 (3d Cir. 2011) (describing jury selection procedures where some portions were held at sidebar and stating that "we are aware of no case holding that such procedures offend the Sixth Amendment").

[5] Petitioner claims "the [R&R] asserts that . . . [P]etitioner has defaulted on the insufficient evidence claim" but "that it would be a 'fundamental miscarriage of justice' not to consider the fact that [P]etitioner is actually innocent of said crimes." (Pet'r's Mem. 3.) The Court, in construing his allegations liberally, considers Petitioner to have raised the above-mentioned objection, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (italics and internal quotation marks omitted)), as no more plausible claim is suggested.

5

of [a] claim" where the petitioner procedurally defaulted without demonstrating "cause and prejudice for the procedural default," or that he is "actually innocent of the substantive offense" (internal quotation marks omitted)). The Court does not consider Petitioner's more recent insistence as to "a fundamental miscarriage of justice," (*see* Pet'r's Mem. 3 (internal quotation marks omitted)), which he raised for the first time (and in an entirely conclusory manner) in his objections, *see Ortiz*, 558 F. Supp. 2d at 451.[6]

Lastly, Petitioner contends "that the [R&R] merely adopts the position of the respondents." (Pet'r's Mem. 2.) In doing so, Petitioner obscures the difference between adopting a conclusion with which he disagrees, and blindly adopting the arguments of Respondent. This objection does no more than reiterate the position set out in the Petition and therefore is not a basis to reject the R&R.

Because Petitioner has offered no other specific objections, the Court, having carefully reviewed the R&R, concludes that Judge Davison committed no error, clear or otherwise.[7]

### III. Conclusion

The Court hereby adopts Judge Davison's R&R and accordingly dismisses Petitioner's Writ of Habeas Corpus.

---

[6] It nonetheless bears noting that "[t]he 'fundamental miscarriage of justice' exception is only available in 'extraordinary' cases, 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *See Walker v. Conway*, No. 04-CV-6056, 2007 WL 9225072, at *12 (W.D.N.Y. June 25, 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *adopted by* 2007 WL 3015220 (W.D.N.Y. Oct. 12, 2007). Petitioner cannot take advantage of this exception, as he has not come forward with any new evidence that he is "actually innocent" of the crimes for which he was convicted.

[7] In other words, the Court has reviewed all Petitioner's claims and finds no merits to any, even on de novo review.

6

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close the case. (Dkt. No. 1.)

SO ORDERED.

Dated: February  1  , 2016
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

7